IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DIANNE G. NICKLES,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        1:14cv177
                                  )
BANK OF AMERICA CORP.,            )
                                  )
            Defendant.            )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dianne G. Nickles brought this action *pro se* in Guilford County (North Carolina) Superior Court, alleging that Defendant Bank of America Corp. ("BOA") discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the North Carolina Persons with Disabilities Protection Act ("PDPA"),[1] N.C. Gen. Stat. § 168A-1 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Doc. 3.) Nickles also alleges intentional infliction of emotional distress ("IIED") and defamation under North Carolina law. (Id. at 4.) BOA timely removed the action to this court (Doc. 1) and now seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on several bases. (Docs. 7, 8.) Nickles has responded (Doc.

---

[1] Nickles refers to it by a slightly different name – the "North Carolina Handicapped Persons Protection Act." (Doc. 3 at 1.)

11), and BOA has replied (Doc. 12).  For the reasons set forth below, BOA's motion will be granted.

## I.   BACKGROUND

The facts, viewed in the light most favorable to Nickles, are as follows:

Nickles has been severely hearing impaired since she was eight years old.  (Doc. 3 ¶¶ 5, 10.)  She was fitted with a hearing aid at the age of ten.  (Id. ¶ 10.)  From the time she was a child, she could wait on customers at her parents' grocery store and count change back to customers.  (Id.)  She has twenty years of banking experience and has worked as a teller, head teller, and vault and ATM teller.  (Id. ¶¶ 11, 13.)

Nickles applied for several jobs and secured an interview with BOA on October 31, 2006.  (Id. ¶ 6.)  She was interviewed by Betty Womack, Vice President, and Gloria Baker, Assistant Manager.  (Id.)  The interview went very well, but Nickles did not get the job.  (Id.)  Nearly five years later, on July 20, 2011, Nickles went back to discuss jobs with Womack at BOA. (Id. ¶ 7.)  Womack told her there were no job openings at the Adams Farm Branch of BOA.  (Id.)  Nickles asked why she had not gotten the job in 2006, and Womack informed her that "it was because [Nickles] didn't fit into the Adams Farm Branch."  (Id. ¶ 8.)  When Nickles asked her to explain further, Womack said, "it was because Nickles had to use the TYY, a telephone for the

2

deaf and hard of hearing[,] and also [Womack] didn't feel that Nickles could wait on customers at the front and the drive through lane." (Id. ¶ 9.)

Nickles filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 8, 2011. (Id. ¶ 14.) The EEOC mailed her a right-to-sue letter on March 24, 2012. (Id. ¶ 16.) She filed the present complaint on January 31, 2014, in Guilford County Superior Court. (Id. at 1.)

## II. ANALYSIS

### A. Standard of Review

A court must construe *pro se* litigants' complaints liberally, thus permitting a potentially meritorious case to develop if one is present. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, this does not require that the court become an advocate for the unrepresented party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). "Only those questions which are squarely presented to a court may properly be addressed." Id.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that

3

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)). A claim is plausible "when the plaintiff

pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged." Id. (quoting Twombly, 550 U.S. at 557). A

12(b)(6) motion to dismiss "challenges the legal sufficiency of

a complaint considered with the assumption that the facts

alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192

(4th Cir. 2009) (internal citations omitted).

**B.    Federal Claims: ADA and ADEA**

BOA contends that Nickles' federal claims are barred by res

judicata.[2] "Under the doctrine of res judicata, 'a final

judgment on the merits bars further claims by parties or their

privies based on the same cause of action.'" Andrews v. Daw,

201 F.3d 521, 524 (4th Cir. 2000) (quoting Montana v. United

States, 440 U.S. 147, 153 (1979)). "When entertaining a motion

to dismiss on the ground of res judicata, a court may take

judicial notice of facts from a prior judicial proceeding when

the res judicata defense raises no disputed issue of fact." Q

Int'l Courier, Inc. v. Smoak, 441 F.3d 214, 216 (4th Cir. 2006)

---

[2] The Latin phrase means "a matter [already] adjudged." Black's Law
Dictionary 1174 (5th ed. 1979).

4

(citing Andrews, 201 F.3d at 524 n.1).[3]

Nickles first filed a complaint based on these same factual allegations supporting her ADA and ADEA claims in Guilford County Superior Court on June 19, 2012. (See Doc. 3 in case 1:12cv754.) BOA removed the case to this court on July 20, 2012. (Doc. 1 in case 1:12cv754.) The action ended when Nickles filed a notice of voluntary dismissal without prejudice on September 20, 2012. (Doc. 11 in case 1:12cv754.)

Nickles filed a complaint based on the same factual allegations of her ADA and ADEA claims in this court almost one year later – on September 19, 2013. (Doc. 2 in case 1:13cv798.) In that complaint, she added claims of IIED, defamation, and a violation of the PDPA. The United States Magistrate Judge recommended that the federal claims be dismissed as time-barred and that the court decline to exercise supplemental jurisdiction over the state claims. (Doc. 4 in case 1:13cv798.) Nickles objected (Doc. 6 in case 1:13cv798), and this court overruled her objections and dismissed the case (Docs. 7, 8 in case 1:13cv798). In dismissing her federal claims under the ADA and ADEA as time-barred and declining to exercise supplemental jurisdiction over her state-law claims, this court noted that "nothing in this Order should be construed to affect Nickles'

---

[3] Nickles does not dispute the existence or content of her earlier lawsuits. Indeed, she references them in her complaint and in her response to BOA's motion to dismiss. (Doc. 3 ¶ 1; Doc. 11 at 1.)

rights regarding her independent state law claims in state court." (Doc. 7 at 5 in in case 1:13cv798.)

Nickles appears to have misunderstood this sentence as an invitation to refile the exact same claims – both federal and state – in state court. (See Doc. 11 at 1 ("[T]he Judge had left the case open to file in the State Court."); Doc. 3 at 1 ("The United [States] District Court dismissed this action to refile in the State Court . . . .").) It was not any such invitation. This court merely noted that the dismissal with prejudice of her federal claims – those under the ADA and ADEA – would have no effect on her rights in state court regarding her state-law claims – IIED, defamation, and violation of the PDPA.

This court has already determined that Nickles' ADA and ADEA claims stemming from the October 2006 interview and July 2010 comments from Womack are time-barred and has dismissed those claims with prejudice. The doctrine of res judicata bars Nickles from asserting those claims again. See Andrews, 201 F.3d at 524. Here, there was a final judgment on the merits in the prior suit – a dismissal with prejudice; the cause of action is the same – ADA and ADEA claims based on the same interview and statements; and the parties are the same – Nickles and BOA. Res judicata precludes Nickles' federal claims. Accordingly, they will be dismissed as barred.

**C.    State-Law Claims: PDPA, IIED, and Defamation**

This court previously declined to exercise supplemental jurisdiction over Nickles' state-law claims (Doc. 7 at 5 in case 1:13cv798), but this is now the third time this lawsuit has been filed, and the parties have bounced between state and federal court twice already.  Although the court enjoys the right to again decline to exercise supplemental jurisdiction over the state-law claims, the interests of judicial economy and fairness to the parties counsel in favor of exercising supplemental jurisdiction at this time pursuant to 28 U.S.C. § 1367(a).

Among other arguments, BOA contends that all three of Nickles' state-law claims are barred by their respective statutes of limitation.  As the Fourth Circuit has noted,

> a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred.  But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6).  This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint."

Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (emphasis omitted) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).  Bearing that

direction in mind, the court will address each of Nickles' three claims.

### 1. PDPA

First, Nickles claims that BOA violated the PDPA by discriminating against her on the basis of her disability. (Doc. 3 ¶¶ 4-5, 21-22.) BOA contends that Nickles' PDPA claim is time-barred. (Doc. 8 at 8.) Nickles does not respond to BOA's argument and appears to abandon her PDPA claim in her response to BOA's motion to dismiss. (Doc. 11.)

Under the PDPA, a claim accrues on "the date on which the aggrieved person became aware of or, with reasonable diligence, should have become aware of the alleged discriminatory practice or prohibited conduct." N.C. Gen. Stat. § 168A-12. The claim must be brought within 180 days of that date. Id. Assuming that July 20, 2011 – the latest date alleged in the complaint – is the date Nickles became aware of BOA's alleged discrimination, her PDPA claim became time-barred in January 2012 and is thus too late. It will therefore be dismissed.

### 2. IIED

Second, Nickles alleges that BOA intentionally inflicted emotional distress on her. (Doc. 3 ¶¶ 23-24.) BOA contends both that her IIED claim is untimely and that she fails to plead several essential elements. (Doc. 8 at 11-14.)

While a claim for IIED must be brought within three years of the date the claim accrued, N.C. Gen. Stat. § 1-52; Fox v. Sara Lee Corp., 709 S.E.2d 496, 498 (N.C. Ct. App. 2011), the court need not determine whether Nickles' emotional distress allegedly began within the statute of limitations period, because, as BOA also contends, Nickles' complaint fails to state a claim nevertheless. The essential elements of an IIED claim are "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another." Dickens v. Puryear, 276 S.E.2d 325, 335 (N.C. 1981); see also Holloway v. Wachovia Bank & Trust Co., N.A., 452 S.E.2d 233, 240 (N.C. 1994). Here, Nickles has failed to plead (1) that BOA engaged in extreme and outrageous conduct, (2) that BOA intended to cause her distress, or (3) sufficient facts regarding her alleged severe emotional distress – all of which are essential elements of an IIED claim. (Doc. 8 at 11-14.)

The court need not address each of these grounds, because Nickles' claim fails at the very first element: extreme and outrageous conduct by BOA. Whether conduct is "extreme and outrageous" is a question of law. Foster v. Crandell, 638 S.E.2d 526, 537 (N.C. Ct. App. 2007). Extreme and outrageous conduct exceeds "all possible bounds of decency"; it is "atrocious" and "utterly intolerable." Atkins v. WSF Dugan, Inc., 106 F. Supp. 2d 799, 810 (M.D.N.C. 1999) (quoting Briggs

9

v. Rosenthal, 327 S.E.2d 308, 311 (N.C. Ct. App. 1985)).  North Carolina law sets a "high threshold" for what constitutes such conduct.  Chidnese v. Chidnese, 708 S.E.2d 725, 738 (N.C. Ct. App. 2011) (citation omitted).  Courts applying North Carolina law have held that falsely reporting child abuse;[4] falsely accusing someone of adultery;[5] spreading lies about an employee's professional ability;[6] firing an employee for being "too old and sick" to do his job;[7] and minor sexual harassment[8] do not constitute extreme and outrageous conduct.  In contrast, they have found that a police officer's gratuitous beating of an arrestee to the point of permanent physical damage;[9] a hospital's refusal to provide medical services despite knowing it would likely result in a patient's death;[10] and a private individual's pointing of a gun at someone[11] can constitute extreme and outrageous conduct.  Womack's alleged comments might have been

---

[4] Dobson v. Harris, 521 S.E.2d 710, 715 (N.C. Ct. App. 1999), rev'd on other grounds, 530 S.E.2d 829 (N.C. 2000).

[5] Poston v. Poston, 436 S.E.2d 854 (N.C. Ct. App. 1993).

[6] Patel v. Scotland Mem'l Hosp., No. 3:94CV00284, 1995 WL 319213 (M.D.N.C. Mar. 31, 1995).

[7] Atkins, 106 F. Supp. 2d at 810.

[8] Guthrie v. Conroy, 567 S.E.2d 403 (N.C. Ct. App. 2002).

[9] Pruett v. Town of Spindale, N.C., 162 F. Supp. 2d 442, 447 (W.D.N.C. 2001).

[10] Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 650-51 (M.D.N.C. 2004).

[11] Holloway, 452 S.E.2d at 233.

hurtful and offensive, but under North Carolina law the allegations of the complaint do not even approach the level of "extreme and outrageous" conduct necessary to state a claim. Having failed to satisfy an essential element, Nickles' IIED claim must be dismissed.

### 3. Defamation

Third, Nickles alleges that BOA, through Womack, defamed her by stating that she was unable to perform the job of a bank teller. (Doc. 3 ¶¶ 25-28.) BOA again asserts that Nickles' claim is untimely and that she fails to plead several essential elements of the claim. (Doc. 8 at 9-11.) In response, Nickles reasserts her claim but does not address BOA's arguments. (Doc. 11 at 3.)

A plaintiff must bring a defamation claim within one year of the date the claim accrues, which is the date of the publication of the defamatory words. N.C. Gen. Stat. § 1-54(3); Horne v. Cumberland Cnty. Hosp. Sys., Inc., 746 S.E.2d 13, 20 (N.C. Ct. App. 2013). Here, the allegedly defamatory words were uttered on July 20, 2011. Thus, Nickles' claim for defamation expired on July 20, 2012, and her current claim is more than a year late.[12]

---

[12] Even if the one-year tolling provision of North Carolina Rule of Civil Procedure 41 were to apply to her state-law defamation claim (see Doc. 7 in case 1:13cv798), it would still be time-barred. Nickles first brought her defamation claim in her second lawsuit, filed on September 19, 2013. (Compare Doc. 3 in case 1:12cv754

11

In addition, it is apparent that Nickles' defamation claim fails to state a claim upon which relief can be granted. A claim for defamation under North Carolina law requires allegations that the defendant "caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." Boyce & Isley, PLLC v. Cooper, 568 S.E.2d 893, 897 (N.C. Ct. App. 2002). Here, Nickles' allegations as to statements (i.e., that she "didn't fit" and she "had to use the TYY, a telephone for the deaf and hard of hearing" and Womack felt she could not "wait on customers at the front and the drive through lane" (Doc. 3 ¶¶ 8-9)) are not defamatory, and any alleged actions (as opposed to utterances) cannot serve as the basis of a claim. See Boyce, 568 S.E.2d at 897-98. Further, there is no allegation that the alleged statements were published. Defamatory words are only "published" when heard, read, or otherwise made available to a third person. See id.; Fieldcrest Cannon, Inc. v. Fireman's

---

(complaint filed June 19, 2012, in state court, with no defamation claim) with Doc. 2 in case 1:13cv798 (complaint filed September 19, 2013, in federal court, with a defamation claim).) At that point, her defamation claim was already time-barred, and there was no statute of limitations to toll. The defamation claim in the second suit did not "relate back" to the first suit, in which the defamation claim would have been timely, because under North Carolina law, "the Rule 41(a) tolling of the applicable statute of limitations applies only to the claims in the original complaint, and not to other causes of action that may arise out of the same set of operative facts." Losing v. Food Lion, L.L.C., 648 S.E.2d 261, 265 (N.C. Ct. App. 2007), disc. review denied, 659 S.E.2d 735 (N.C. 2008). Because Nickles did not bring a defamation claim in her first lawsuit, there was nothing to which the claim in her second suit could relate back.

<u>Fund Ins. Co.</u>, 477 S.E.2d 59, 69 (N.C. Ct. App. 1996). Nickles alleges only that Womack's comments were made to her. For a host of reasons, therefore, this claim fails.

**III. CONCLUSION**

For the reasons stated, the court finds that Nickles' federal claims are barred by the doctrine of res judicata and her state-law claims fail.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 7) is GRANTED, and Nickles' complaint (Doc. 3) is DISMISSED WITH PREJUDICE.

/s/   Thomas D. Schroeder
United States District Judge

May 23, 2014